UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

VINCO VENTURES, INC, f/k/a EDISON : 
NATION INC, *et al.*, :
 :
         Plaintiffs, :
 :
     v. : No. 5:20-cv-6577
 :
MILAM KNECHT & WARNER, LLP, *et al.*, :
 :
         Defendants. :
_____

**O P I N I O N**
Motion to Dismiss for Failure to State a Claim, ECF No. 32 – Granted

**Joseph F. Leeson, Jr.**                                                                              **September 10, 2021**
**United States District Judge**

**I.**      **INTRODUCTION**

This matter involves claims against Defendant Tiffany W. Tai that arise from her representation of clients who filed a lawsuit in California against the Plaintiffs in this matter.[1] Plaintiffs claim that the California lawsuit was frivolous and resulted in harmful effects to Plaintiffs, some of which are domiciled in Pennsylvania. Plaintiffs assert several claims against Tai, including abuse of process, trade libel, and defamation. Tai now moves to dismiss the Amended Complaint for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

---

[1] Plaintiffs Vinco Ventures, Inc., formerly known as Edison Nation, Inc., Christopher B. Ferguson, Phillip McFillin, Kevin Ferguson, and Brett Vroman assert claims against Defendants Milam Knecht & Warner, LLP, Michael D. Milam, Gerald Whitt, Alexander Whitt, David Knecht, Rex Ours, Matthew Whitt, Christopher Whitt, Deborah Milam, Tiffany W. Tai, and John Does 1-50.

Following a review of Plaintiffs' Amended Complaint, this Court concludes that the exercise of personal jurisdiction over Tai in Pennsylvania would be inappropriate. Accordingly, Tai's motion to dismiss is granted.

## II.     Background

The background is taken, in large part, from the allegations in Plaintiffs' Amended Complaint. Plaintiff, Vinco Ventures, Inc., was formerly known as Edison Nation, Inc. ("Edison"), and consistent with the parties' briefing, it is referred to as Edison throughout this Opinion. Edison, through its subsidiaries, SRM Entertainment Limited (HK) ("SRM") and CBAV1, LLC ("CBAV1"), engaged in the manufacture and sale of consumer products. *See* Amend. Compl. ¶ 36. Edison is organized under the laws of Nevada, and its principal place of business is in Pennsylvania. *See id.* ¶ 2. Cloud b is a company that engaged in the sale of children's sleep aid toys. *See id.* ¶ 18. Cloud b is incorporated in California with its principal place of business in the same. *See* Resp. 2.

On or about June 4, 2018, Edison, through its subsidiary CBAV1, purchased a loan that was secured by all of the assets of Cloud b. *See* Am. Compl. ¶ 37. On October 24, 2018, Edison Nation purchased approximately 72.15% of Cloud b's shares.[2] *See id.* ¶ 39. In early 2019, Edison learned that Cloud b's financial records could not be audited because they were "unreliable" and "unsubstantiated." *See id.* ¶ 40. Accordingly, Edison foreclosed on Cloud b's assets, exercising its right under the loan agreement. *See id.* ¶ 41. On February 11, 2019, Edison Nation, through CBAV1, purchased those foreclosed assets for $2,000,000. *See id.* ¶ 42.

---

[2]     Following this purchase, Defendants Gerald Whitt, Alexander Whitt, Matthew Whitt, Christopher Whitt, Deborah Milam, and David Knecht collectively owned the remaining minority share of Cloud b. *See* Am. Compl. ¶ 19. This group is referred to as the "minority shareholders."

Edison claims that Cloud b's minority shareholders engaged in actions to defraud Edison between 2011 and 2018.  *See id.* ¶ 46.  For example, from 2011 to 2013, Edison alleges that the minority shareholders caused Cloud b to pay $5,621,713 in shareholder distributions, during a period where the net income of Cloud b was only $5,121,626.  *See id.* ¶ 47.  Edison also claims that Defendant Milam, Knecht, and Warner LLP ("MKW"), Cloud b's accounting firm, was preparing fraudulent financial reports for Cloud b.  *See id.* ¶¶ 49-50.  Primarily, Edison alleges that the minority shareholders and MKW engaged in illegal and unethical activities in furtherance of a plan to illegally own and control 100% of Cloud b assets.  *See id.* ¶ 52.

In October of 2020, the minority shareholders of Cloud b retained the legal services of Tai.  With Tai as their attorney, the minority shareholders filed suit in California against several Defendants, which included the Plaintiffs in this action.[3]  Plaintiffs allege that the California Lawsuit is frivolous and an effort to extort money from Plaintiffs by attempting to coerce a settlement of the lawsuit.  *See id.* ¶ 53.  Plaintiffs further allege that the Tai Complaint contains false and misleading statements designed to cause financial and reputational harm to Plaintiffs.  *See id.* ¶ 167.

On December 31, 2020, Plaintiffs filed suit in this Court, asserting several claims against Tai and the other named Defendants.  *See* Compl., ECF No. 1.  Pertinent to the present motion, Plaintiffs allege claims of abuse of process, trade libel, and defamation against Tai in connection with her representation of plaintiffs in the California Lawsuit.  On March 29, 2021, Plaintiffs

---

[3]   The suit alleges claims for fraudulent concealment, breach of fiduciary duty, breach of contract, breach of confidence, intentional misrepresentation, negligent misrepresentation, unfair business practices, and civil conspiracy.  *See* Am. Compl. ¶ 134.  This lawsuit is referred to as the "California Lawsuit" and the complaint therein is referred to as the "Tai Complaint."  Beyond the Plaintiffs in this action, the California Lawsuit also named Linda Suh, Jeff Johnson, and Richard Brenner, the CEO, CTO, and President of Cloud b respectively.  *See* Am. Compl. at Ex. 7, ECF No 28-7.

filed an Amended Complaint. *See* Am. Compl. Tai now moves to dismiss the Amended Complaint for lack of personal jurisdiction or, in the alternative, failure to state a claim. *See* Mot., ECF No. 32. Following a series of responses and replies, the motion is ready for review. *See* Resp., ECF No. 35; Reply, ECF No. 41.

### III.   LEGAL STANDARDS

#### A.   Motion to Dismiss for Lack of Personal Jurisdiction – Review of Applicable Law

A motion to dismiss a pleading for lack of personal jurisdiction is properly raised under Federal Rule of Civil Procedure 12(b)(2). *See* FED. R. CIV. P. 12(b)(2). A Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies." *Patterson ex rel. Patterson v. F.B.I.*, 893 F.2d 595, 603 (3d Cir. 1990) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)). "Unlike a Rule 12(b)(6) motion, the Court's review of a Rule 12(b)(2) motion is not limited to the face of the pleadings and the Court may rely on sworn affidavits submitted by the parties or other competent evidence that supports jurisdiction." *Lutz v. Rakuten, Inc.*, 376 F. Supp. 3d 455, 463 (E.D. Pa. 2019) (citing *Patterson*, 893 F.3d at 603-04). Where a defendant challenges the existence of personal jurisdiction, the plaintiff bears the burden of making a prima facie showing that jurisdiction exists. *See Aetna Inc. v. Insys Therapeutics, Inc.*, 324 F. Supp. 3d 541, 550 (E.D. Pa. 2018) (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)). "The plaintiff meets this burden by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction.'" *Hepp v. Facebook, Inc.*, No. CV 19-4034, 2020 WL 4437036, at *3 (E.D.

Pa. Aug. 3, 2020) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987)).

A plaintiff may not "rely on the bare pleadings alone in order to withstand a defendant's motion to dismiss for lack of personal jurisdiction." *Time Share Vacation Club*, 735 F.2d at 66 n.9 (citing *Int'l Assoc. of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700 (3d Cir. 1982)). "Instead, the 'plaintiff must respond with actual proofs, not mere allegations.'" *Hepp*, 2020 WL 4437036, at *3 (quoting *Time Share Vacation Club*, 735 F.2d at 66 n.9). In responding to a challenge to personal jurisdiction, "plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Where a court reviewing a Rule 12(b)(2) motion declines to hold an evidentiary hearing, "the Court is bound only to consider Plaintiff's Complaint and supporting evidence." *Laverty v. Cox Enters., Inc.*, No. CV18-1323, 2019 WL 351905, at *1 (D.N.J. Jan. 29, 2019) (citing *O'Connor*, 496 F.3d at 316). That is to say, where a district court declines to "hold an evidentiary hearing . . . plaintiff need only establish a prima facie case of personal jurisdiction." *O'Connor*, 496 F.3d at 316 (quoting *Miller Yacht Sales*, 384 F.3d at 97).

**B.  Personal Jurisdiction – Review of Applicable Law**

Federal Rule of Civil Procedure 4(k) provides that personal jurisdiction in a United States District Court is established in accordance with the law of the state in which the District Court sits. *See* Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . ."); *see also O'Connor*, 496 F.3d at 316. Therefore, this Court looks to the law of Pennsylvania—

specifically, Pennsylvania's long-arm statute—to determine whether Plaintiffs can establish the existence of personal jurisdiction.

Pennsylvania's long-arm statute provides that "the jurisdiction of the tribunals of this Commonwealth shall extend . . . to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 PA. CONS. STAT. § 5322(b); *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992) ("The Pennsylvania [long-arm] statute permits the courts of that state to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment." (citing *North Penn Gas Co. v. Corning Nat. Gas Corp.*, 897 F.2d 687, 688-90 (3d Cir. 1990))). "Accordingly, in determining whether personal jurisdiction exists," this Court must ask "whether, under the Due Process Clause [of the Fourteenth Amendment], the defendant has 'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *O'Connor*, 496 F.3d at 316-17 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). "These basic due process principles are reflected in the two recognized types of personal jurisdiction"—general jurisdiction and specific jurisdiction.[4] *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). A court may exercise *specific* jurisdiction where a "plaintiff's claim arise[s] from the defendant's contacts with the forum in which the court sits." *Hepp*, 2020 WL 4437036, at *3 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984)); *Marten*, 499

---

[4] As Plaintiffs concede there is no basis for the exercise of general jurisdiction - this Court exclusively reviews the appropriateness of specific jurisdiction.

F.3d at 296 ("Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state.").

### 1. Traditional "Minimum Contacts" Test – Review of Applicable Law

The Third Circuit has outlined a three-part inquiry for determining whether an exercise of specific jurisdiction is appropriate under the traditional "minimum contacts" test:

> First, the defendant must have "'purposefully directed' his activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 472 (1985) (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984)). Second, the plaintiff's claim must "arise out of or relate to" at least one of those specific activities. *Helicopteros,* 466 U.S. at 414. Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King,* 471 U.S. at 476 (quoting *Int'l Shoe,* 326 U.S. at 320).

*Marten*, 499 F.3d at 296.

To satisfy the first element of the inquiry, "[t]here must be a 'deliberate targeting of the forum.'" *See Lutz*, 376 F. Supp. 3d at 463-64 (quoting *O'Connor*, 496 F.3d at 317). "Moreover, 'the defendant must have purposefully avail[ed] itself of the privilege of conducting activities within the forum.'" *Lutz*, 376 F. Supp. 3d at 464 (quoting *O'Connor*, 496 F.3d at 317). With respect to the second element, "'the litigation must arise out of or relate to at least one of those activities' that was purposefully directed at the forum." *See id.* at 464 (quoting *O'Connor*, 496 F.3d at 317). "This 'analysis should hew closely to the reciprocity principle upon which specific jurisdiction rests.'" *Id.* (quoting *O'Connor*, 496 F.3d at 323). When the first two elements of the inquiry are satisfied, the existence of minimum contacts is established, making "jurisdiction presumptively constitutional." *O'Connor*, 496 F.3d at 324. In such circumstances, courts must then consider whether the exercise of jurisdiction "would otherwise comport with the traditional notions of fair play and substantial justice," and a "defendant 'must present a compelling case

that the presence of some other considerations would render jurisdiction unreasonable.'" *Id*. (quoting *Burger King*, 471 U.S. at 477).

### 2. *Calder* "Effects Test" – Review of Applicable Law

Alternatively, "a court may exercise personal jurisdiction over a nonresident defendant who commits an intentional tort by certain acts outside the forum which have a particular type of effect upon the plaintiff within the forum." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265 (3d Cir. 1998) (citing *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141 (3d Cir. 1992)). The effects test allows a plaintiff to "demonstrate a court's jurisdiction over a defendant even when the defendant's 'contacts with the forum alone . . . . are too small to comport with the requirements of due process' under [the] traditional analysis." *Marten*, 499 F.3d at 297 (citing *IMO Indus.*, 155 F.3d at 259).

To establish personal jurisdiction under the effects test, the following three elements must be satisfied:

> First, the defendant must have committed an intentional tort. Second, the plaintiff must have felt the brunt of the harm caused by that tort in the forum, such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of the tort. Third, the defendant must have expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity.

*IMO Indus.*, 155 F.3d at 256.

"[O]nly if the 'expressly aimed' element of the effects test is met need [the court] consider the other two elements." *Marten*, 499 F.3d at 297 (citing *IMO Indus.*, 155 F.3d at 266). "To establish that the defendant 'expressly aimed' his conduct, the plaintiff has to demonstrate the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *Id.* at 297-98 (quoting *IMO Indus.*, 155 F.3d at 266). "If a

plaintiff fails to show that the defendant 'manifest[ed] behavior intentionally targeted at and focused on' the forum, . . . the plaintiff fails to establish jurisdiction under the effects test." *Id.* at 298 (quoting *IMO Indus.*, 155 F.3d at 265).

The effects test "prevents a defendant from being haled into a jurisdiction solely because the defendant intentionally caused harm that was felt in the forum state if the defendant did not expressly aim his conduct at that state." *Ciolli v. Iravani*, 651 F. Supp. 2d 356, 365 (E.D. Pa. 2009) (quoting *Marten*, 499 F.3d at 297). The "mere fact that a plaintiff suffers harm in the forum state is not enough to give rise to personal jurisdiction in that state." *Weiser Law Firm v. Hartleib*, No. CV 19-2728-KSM, 2020 WL 5993628, at *10 (E.D. Pa. Oct. 9, 2020) (citing *Marten*, 499 F.3d at 297). "Even if a defendant's conduct would cause foreseeable harm in a given state, such conduct does not necessarily give rise to personal jurisdiction in that state." *Marten*, 499 F.3d at 297. "[T]he foreseeability that is critical to due process analysis is . . . that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *See id.* (quoting *World–Wide Volkswagen,* 444 U.S. at 297). Additionally, "[s]imply asserting that the defendant knew the plaintiff's principal place of business was located in the forum [is] insufficient in itself to meet [the expressly aimed] requirement." *Weiser Law Firm*, 2020 WL 5993628, at *10 (quoting *IMO Indus.*, 155 F.3d at 266) (alterations in original).

C.     **Agency as a Basis for Personal Jurisdiction – Review of Applicable Law**

While "Pennsylvania law permits that jurisdiction may be based on the acts of an agent, the mere fact that a principal-agent relationship exists does not confer personal jurisdiction over a nonresident principal." *Rychel v. Yates*, No. CIV.A. 09-1514, 2011 WL 1363751, at *11 (W.D. Pa. Apr. 11, 2011) (citing *Scott v. Lackey*, 1:02-cv-1586, 2010 WL 272275, at *9 n.18 (M.D. Pa.

Jan. 20, 2010); *see also Myelle v. Am. Cyanamid Co.*, Civ. No. 92–5243, 1993 WL 93422, at *6 (E.D. Pa. Mar. 31, 1993) ("The proposition that the mere existence of an agency relationship satisfies the minimum contacts requirement, without more, holds no water."). Thus, "irrespective of any agency relationship, the Court must engage in a constitutional inquiry to determine whether Defendants are properly haled into this forum." *Rychel*, 2011 WL 1363751, at *11 (citing *Lackey*, 2010 WL 272275 at *11).

### D. Jurisdictional Discovery – Review of Applicable Law

"Courts should grant jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Neopart Transit, LLC v. CBM N.A. Inc.*, 314 F. Supp. 3d 628, 646 (E.D. Pa. 2018) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). However, "a court may deny jurisdictional discovery where the plaintiff has failed to meet its burden of making out a threshold *prima facie* case of personal jurisdiction." *Arch v. Am. Tobacco Co.*, 984 F. Supp. 830, 841 (E.D. Pa. 1997) (citing *Rose v. Granite City Police Dep't*, 813 F. Supp. 319, 321 (E.D. Pa. 1993)). Furthermore, "jurisdictional discovery is not warranted unless the plaintiff 'presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state.'" *Laverty*, 2019 WL 351905, at *5 (quoting *Toys "R" Us*, 318 F.3d at 456)). As a result, "a plaintiff may not undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (citing *Belden Techs., Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 459 (D. Del. 2009)); *see also Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.38 (3d Cir. 2015) ("[J]urisdictional discovery is not available merely because the plaintiff requests it.").

IV.     DISCUSSION

Plaintiffs allege that this Court has personal jurisdiction over Tai because she purposefully directed actions at Pennsylvania, and harm resulted in this forum. *See* Am. Compl. ¶ 25. Primarily, Plaintiffs justify the exercise of personal jurisdiction over Tai based on her representation of the plaintiffs in the California Lawsuit. Plaintiffs CBAV1, Chris Ferguson, and Brett Vroman, all of whom are domiciled in Pennsylvania, alleged that the harmful effects of the California lawsuit were felt by them in Pennsylvania. Accordingly, Plaintiffs assert that personal jurisdiction is appropriate over Tai in this forum.

While personal jurisdiction is reviewed on a claim-by-claim basis, the facts giving rise to Plaintiffs claims against Tai are common to all three claims in which she is named. Accordingly, the propriety of jurisdiction over Tai is reviewed in light of those common facts. Tai asserts that she has virtually no contacts with Pennsylvania, and her filing of a lawsuit in California as the attorney for California clients cannot constitute a sufficient basis for exercising personal jurisdiction over Tai in this forum. This Court agrees with Tai that the exercise of personal jurisdiction over Tai in this forum is inappropriate. Accordingly, Tai's motion to dismiss is granted.

   A.     **Plaintiffs fail to establish that Tai has sufficient minimum contacts with Pennsylvania to satisfy the traditional test for personal jurisdiction.**

Beginning with the traditional test for personal jurisdiction, Plaintiffs must start by showing that Tai purposefully availed herself of the forum, a requisite to establishing the minimum contacts necessary to sustain personal jurisdiction. *Marten*, 499 F.3d at 296. Turning to Tai's direct contacts with the forum state, Tai has never practiced law in Pennsylvania, does not own property or conduct business in Pennsylvania, and only visited Pennsylvania one time,

on a family day trip more than two years ago. *See* Mot. at Ex. B, ECF No. 32-6. Accordingly, Tai's direct contacts with the forum, alone, are wholly insufficient to sustain jurisdiction over her in this forum.

Moreover, Tai's participation as counsel in the California Lawsuit is insufficient to establish that she purposefully availed herself of the privilege of conducting activities within Pennsylvania. The allegations do not make out that Tai engaged in any conduct with respect to the California Lawsuit that demonstrated purposeful direction of activities at Pennsylvania. Instead, Tai filed a lawsuit in California as counsel for clients situated in California. That three of the defendants in the California Lawsuit are domiciled in Pennsylvania is insufficient to show Tai deliberately targeted this forum. *See Ciolli*, 651 F. Supp. 2d at 370 (concluding "[t]he fact that one of the named defendants was currently residing in Pennsylvania was incidental" when assessing appropriateness of personal jurisdiction over attorney that filed lawsuit in Connecticut on behalf of North Carolina and California clients). Accordingly, Plaintiffs fail to show that Tai's representation of California clients in the California Lawsuit represents her purposeful availment of the privilege and benefits of the laws of Pennsylvania.

Plaintiffs next assert that certain communications related to the California Lawsuit were directed at Pennsylvania, and therefore, these communications represent Tai's purposeful targeting of this forum. First, Plaintiffs point to an email from Gerald Whitt to Cloud b's bankruptcy counsel, attorney Thomas Bielli, who is situated in Pennsylvania. Tai was one of eight recipients of the email. *See* Resp. 26. Plaintiffs have failed to establish how being a recipient of an email amounts to one's purposeful availment of a forum. *Toys "R" Us*, 318 F.3d at 454-55 ("The mere fact that email, phone calls, or regular mail end up in the forum state is not enough to show purposeful availment."). Plaintiffs' claim that Gerald Whitt and Tai were

engaged in an agency relationship, and Gerald Whitt sent this letter at Tai's direction. However, Plaintiffs provide no facts to establish this "agency" relationship beyond Tai's representation of Gerald Whitt and other defendants in the California Lawsuit. *Hepp*, 2020 WL 4437036, at *3 ("[P]laintiff must respond with actual proofs, not mere allegations." (quoting *Time Share Vacation Club*, 735 F.2d at 66 n.9)). Plaintiffs point to no evidence that establishes Tai directed this communication to be sent, and such an inference is implausible in light of the fact that Tai was herself a recipient of this email.

Plaintiffs next assert that Gerald Whitt and Tai contacted Lynn Feldman, the Chapter 7 trustee in Cloud b's bankruptcy in Pennsylvania. *See* Resp. 26. Plaintiffs allege that this communication indicates Tai's purposeful targeting of this forum. Tai categorically denies having made any such contact with Feldman or other parties involved in Cloud b's bankruptcy. *See* Mot. 3. However, even assuming that these communications did occur, they are insufficient to establish purposeful availment. *See Toys "R" Us*, 318 F.3d at 454-55. Plaintiffs chose Pennsylvania as the jurisdiction in which to claim Chapter 7 bankruptcy for Cloud b, a business incorporated in California and headquartered in the same. Should Tai have required information about the pending bankruptcy of Cloud b, a party to the California Lawsuit, she had little choice but to interact with a Pennsylvania trustee. Plaintiffs have failed to show how this interaction amounted to Tai's purposeful targeting of Pennsylvania.

Plaintiffs fail to allege facts sufficient to establish that Tai purposefully availed herself of the protections and benefits of the laws of Pennsylvania. Consequently, Plaintiffs have failed to establish that the exercise of specific jurisdiction over Tai would be appropriate under the traditional minimum contacts test. Since Plaintiffs have failed to satisfy their burden to establish minimum contacts between Tai and Pennsylvania, the fairness element need not be addressed.

**B.     Plaintiffs have not met their burden to establish that Tai expressly targeted Pennsylvania.**

To establish that an exercise of personal jurisdiction is appropriate under the effects test, Plaintiffs must sufficiently plead (1) that Tai committed an intentional tort, (2) that the brunt of the resultant harm was felt in Pennsylvania, and (3) that Tai intentionally targeted her behavior at Pennsylvania. Assuming *arguendo* that Plaintiffs satisfy the first two elements of this test, Plaintiffs fail to sufficiently allege that Tai intentionally targeted Pennsylvania by filing the California Lawsuit as counsel for California clients.

Tai's sole connection with this forum is her representation of the plaintiffs in the California Lawsuit, which named, among others, CBAV1, Chris Ferguson, and Brett Vroman, all of whom are domiciled in Pennsylvania. Plaintiffs have not shown that Tai expressly aimed tortious conduct at Pennsylvania. Tai's knowledge that some of the named defendants in the California Lawsuit were domiciled in Pennsylvania is insufficient to establish express targeting of this forum. *See IMO*, 155 F.3d 265-66 ("While knowledge that the plaintiff is located in the forum is necessary to the application of [the effects test], . . . it alone is insufficient to satisfy the targeting prong of the effects test . . . . Simply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself to meet this requirement."). Plaintiffs allege no facts that would indicate Tai "deliberately or knowingly" targeted Pennsylvania through her filing of a lawsuit in California on behalf of clients domiciled in California. *See Barrett v. Catacombs Press*, 44 F. Supp. 2d 717, 731 (E.D. Pa. 1999).

In a final effort to establish the appropriateness of personal jurisdiction over Tai, Plaintiffs assert that Gerald Whitt acted as an agent of Tai when he placed phone calls and sent emails to individuals in Pennsylvania. As noted above, Plaintiffs fail to provide any facts that

would establish this agency relationship. Moreover, even if Plaintiffs could establish an agency relationship between Tai and Gerald Whitt, that alone is not enough to establish that personal jurisdiction over Tai is appropriate. *See Myelle*, 1993 WL 93422, at *6. This is especially true where the interactions that Plaintiffs allege Gerald Whitt undertook at Tai's direction amount to a few emails and phone calls. *See Toys "R" Us*, 318 F.3d at 454–55. Accordingly, Plaintiffs' agency theory is unavailing.

Accordingly, having failed to show that Tai, either on her own or through an agent, intentionally targeted tortious actions at this forum, Plaintiffs have failed to establish that the exercise of personal jurisdiction over Tai under the *Calder* effects test is appropriate.

### C. Plaintiffs are not entitled to jurisdictional discovery.

Plaintiffs have not alleged facts to suggest with reasonable particularity the possible existence of requisite contacts between Tai and Pennsylvania or an agency relationship between Tai and Gerald Whitt. Therefore, the Court denies Plaintiffs' request for jurisdictional discovery. Plaintiffs primarily seek jurisdictional discovery concerning whether Gerald Whitt was the authorized agent and/or representative of Tai. *See* Resp. 31. They claim that it can be inferred that Gerald Whitt "acted in coordination with/and or after consultation with Tai, by her silence after his actions, she approved and intended that his action cause harm." *See id.* at 30. Notwithstanding, this argument is unavailing for two reasons. First, as Tai points out, personal jurisdiction cannot be established on the basis of an inference. *See Wilson v. Stratosphere Corp.*, Civ. A. No. 05-939, 2006 WL 1134169, at *3 (W.D. Pa. Apr. 24, 2006) (concluding "argument and unsupported conclusions . . . cannot be properly considered 'as facts evidence contact for jurisdictional purposes'" (quoting *Peek v. Golden Nugget Hotel & Casino*, 806 F. Supp. 555, 558 (E.D. Pa. 1992))). Moreover, as this Court notes immediately above, the existence of an agency

relationship is insufficient in and of itself to render personal jurisdiction over Tai appropriate, and Plaintiffs have failed to establish minimum contacts or intentional targeting of the forum state to supplement the alleged agency relationship.

Accordingly, because Plaintiffs fail to present facts to suggest with reasonable particularly that the requisite contacts exist between Tai and Pennsylvania or that Tai and Gerald Whitt were engaged in an agency relationship sufficient to support the exercise of personal jurisdiction over Tai, this Court denies Plaintiffs' request for jurisdictional discovery.

## V.     CONCLUSION

Plaintiffs fail to plead facts sufficient to establish that the exercise of specific personal jurisdiction over Tai in this forum is appropriate.  Accordingly, Tai's motion to dismiss is granted.  Moreover, Plaintiffs fail to establish that jurisdictional discovery is warranted.  Accordingly, Plaintiffs' request for jurisdictional discovery is denied.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
