UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCO VENTURES, INC, f/k/a EDISON NATION INC, *et al.*, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :     No. 5:20-cv-6577 <br> : |
| MILAM KNECHT & WARNER, LLP, *et al.*, | : <br> : |
| Defendants. | : |

# O R D E R

**AND NOW**, this 20th day of October, 2021, for the reasons set forth in this Court's Opinion and Order dated September 28, 2021, which indicated that any decision regarding this Court's exercise of pendant venue would be held in abeyance until the time for Plaintiffs to amend had passed, ECF Nos. 46 and 47, and considering that the time for Plaintiffs to amend has passed without the filing of an amended complaint,  **IT IS ORDERED THAT:**

1.  Plaintiffs' claims in Counts IV, V, VI, VIII, IX, and X as alleged against Defendants Michael D. Milam and David Knecht are **DISMISSED with prejudice**.[1]

2.  This Court declines to exercise pendant venue over Counts I, II, and III.[2]

---

[1]  Plaintiffs were provided an opportunity to amend those claims dismissed without prejudice.  See Order, ECF No. 47.  Notwithstanding, Plaintiffs elected against filing an amended complaint.  Accordingly, those claims are now dismissed with prejudice.  *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (indicating dismissal with prejudice is appropriate where party does not file an amended pleading (citing 5 WRIGHT & MILLER, § 1217 at 178)).

[2]  As this Court explained in its Opinion dated September 28, 2021, a pendant venue analysis could not be conducted at that time because Plaintiffs had failed to state a claim on those claims upon which pendant venue would be based.  *See* Op. 15-17.  Thus, any decision regarding pendant venue was held in abeyance until Plaintiffs had an opportunity to amend those insufficient counts.  Plaintiffs have elected against amending their Complaint, and accordingly,

3. The Clerk of Court is directed to **TRANSFER** Counts I, II, and III to the United States District Court for the Central District of California.[3]

4. Defendants David Knecht; Michael D. Milam; Milam Knecht & Warner LLP; and Rex Ours, only, are **TERMINATED** from this action.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

there remains no basis upon which to exercise pendant venue over Counts I, II, and III. As this Court warned in its Opinion, should Plaintiffs fail to amend their Complaint, these three counts would be transferred to an appropriate venue. *See id.* at 17 n.9. Therefore, this Court declines to exercise pendant venue over Counts I, II, and III and transfers those Counts to an appropriate venue as set forth below.

[3] The Central District of California is an appropriate venue for Counts I, II, and III, and Plaintiffs acknowledge as much. *See* ECF No. 36-2. As this Court noted in its Opinion dated September 28, 2021, a substantial portion of the events giving rise to these claims took place in that district. Accordingly, venue is appropriate under 28 U.S.C. § 1391(b). *See* Op. 14-15. Moreover, this Court elects transfer over dismissal for Counts I, II, and III so as to avoid any potential prejudice to Plaintiffs related to the running of the limitations period on their claims.