UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCO VENTURES, INC, f/k/a EDISON NATION INC, *et al.*, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :    No. 5:20-cv-6577 <br> : |
| MILAM KNECHT & WARNER, LLP, *et al.*, | : <br> : |
| Defendants. | : |

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                              January 31, 2022
**United States District Judge**

**I.**      **INTRODUCTION**

This case involves claims by Plaintiffs[1] against Defendant Gerald Whitt. The pleadings in this matter closed with the filing of Whitt's Answer, and discovery has begun. During the period of fact discovery, Plaintiffs filed the present motion to voluntarily dismiss their claims without prejudice. Plaintiffs wish to refile their claims in California, where a separate lawsuit involving these parties is pending. Whitt responded, indicating he did not contest the dismissal and refiling of certain claims in California. Notwithstanding, Whitt requests dismissal with prejudice of those claims that Plaintiff chose not to amend. Plaintiffs disagree, asserting all claims, even those previously dismissed, should be dismissed without prejudice.

The parties' briefing illustrates confusion amongst the parties as to which Counts are appropriately the subject of the pending motion to dismiss. Accordingly, this Court deems it

---

[1]    Plaintiffs Vinco Ventures, Inc., formerly known as Edison Nation, Inc., Christopher B. Ferguson, Phillip McFillin, Kevin Ferguson, and Brett Vroman.

necessary to clarify the status of Plaintiffs' claims. Plaintiffs' claims in Counts IV, VI, VII, and IX are dismissed with prejudice as a result of this Court's Order dated September 27, 2021 and the parties' Joint Stipulation, which this Court approved. To avoid future confusion, the Court enters an Order to that effect along with this Opinion.

In light of that clarification, Plaintiffs' pending motion for voluntary dismissal deals only with Claims VIII, X, and V, which survived Whitt's original motion to dismiss. Bearing that in mind, Plaintiffs shall, in compliance with the Order that accompanies this Opinion, advise this Court whether they intend to pursue their pending motion to voluntarily dismiss Counts VIII, X, and V, or withdraw the same.

## II.   BACKGROUND

In an Amended Complaint, Plaintiffs alleged a series of claims against Whitt, including unfair business practices, abuse of process, civil extortion, trade libel, two counts of defamation, and conspiracy to commit the same. These claims stemmed from business transactions between Plaintiffs and Whitt, with which both sides have taken issue. Whitt moved to dismiss the entirety of the Amended Complaint on multiple grounds. *See* ECF No. 30. On September 27, 2021, this Court granted, in part, Whitt's motion to dismiss. *See* ECF No. 45. In doing so, this Court permitted the following claims to go forward as pleaded:

    (1) Vinco Venture's Trade Libel Claim (Count VIII);

    (2) Phillip McFillin's Defamation Claim (Count X); and

    (3) Plaintiff's Unfair Business Practices Claim (Count V).

In addition, this Court dismissed the following claims without prejudice:

    (1) Plaintiffs' Conspiracy Claim (Count IV);

    (2) Plaintiffs' Abuse of Process Claim (Count VI);

>    (3) Phillip McFillin's Civil Extortion Claim (Count IX); and
>
>    (4) Chris Ferguson's Defamation Claim (Count IX).

As to those claims dismissed without prejudice, this Court granted Plaintiffs leave to amend, and advised that they had twenty days in which to file any amended complaint. *See id.* On October 8, 2021, the parties submitted a Joint Stipulation for an extension of time. *See* ECF No. 48. The stipulation indicated that "Plaintiffs do not intend to file a second amended complaint as to Defendant Gerald Whitt." *See id.* Accordingly, the stipulation sought an extension of time for Whitt to file his Answer to those three claims that survived the motion to dismiss. *See id.* Whitt filed his answer on October 18, 2021. *See* Ans., ECF No. 49.

A scheduling conference was held with the parties, and the fact discovery period began on December 20, 2021. *See* ECF Nos. 52, 53. One month into fact discovery, Plaintiffs' filed the instant motion to voluntarily dismiss their claims without prejudice. *See* Mot., ECF No. 58. Whitt filed a response to the motion, indicating that he does not contest the dismissal without prejudice of the three claims that survived his earlier motion to dismiss. *See* Resp., ECF No. 60. However, Whitt asserts that the four claims that Plaintiffs declined to amend should be dismissed with prejudice at this juncture. *See id.* Plaintiffs disagree, asserting all claims should be dismissed without prejudice. *See* Reply, ECF No. 61.

### III.   ANALYSIS

For the first time in the instant briefing, the parties exhibit disagreement over whether the four claims dismissed in this Court's Order dated September 27, 2021 are dismissed without prejudice or with prejudice.[2] As is customary when the Court reviews an Amended Complaint in the first instance, the Court's dismissal of certain Counts was one without prejudice, and the

---

[2] For reference, those four claims are Count IV, Count VI, Count VII, and Count IX.

Court provided Plaintiff with a twenty-day deadline for filing a second amended complaint. Once a deadline for amendment has passed without any second amended complaint filed, this Court typically enters an Order that indicates dismissal with prejudice of those abandoned claims.

In this case, however, this Court did not find it necessary to docket a separate dismissal order, as the circumstances at the time obviated any need for it. In particular, shortly after this Court's original dismissal Order, *see* ECF No. 45, the parties filed a Joint Stipulation, *see* ECF No. 48. Therein, Plaintiffs unequivocally stated their intent to not file a second amended complaint. *See id.* By the terms of that same Joint Stipulation, the Defendant was to file an answer to the surviving claims of the amended complaint. *See id.* This Court subsequently approved the Joint Stipulation, and on October 18, 2021, Whitt filed an Answer as to only those Counts that survived. *See* Ans. In light of the approved Joint Stipulation and Whitt's Answer, this Court did not find it necessary to docket an extra Order deeming the four abandoned Counts "dismissed with prejudice."

Following Whitt's Answer, the parties proceeded to discovery on the three remaining claims. At that time, this Court had no reason to expect or anticipate that Plaintiffs would seek voluntary dismissal in order to refile their claims in California. In fact, in response to each of the motions to dismiss filed in this case, Plaintiffs vigorously argued that Pennsylvania was the appropriate forum for Plaintiffs' claims. *See* ECF No. 34-3, at 35-36; ECF No. 35-3, at 25-27; ECF No. 36-3, at 42-45. This Court could not foresee Plaintiffs' change in position, and therefore, this Court saw no reason to docket a separate Order deeming Counts IV, VI, VII, and IX dismissed with prejudice.

Despite the Joint Stipulation, Whitt's Answer, and the start of fact discovery, Plaintiffs now appear to argue that Counts IV, VI, VII, and XI should be considered "dismissed without prejudice," so as to allow them to refile those claims in California.  To permit Plaintiffs to do so would run antithetical to the interests of encouraging and honoring party agreement, the interest of justice, and interest of judicial economy.  Plaintiffs were explicitly advised of the deadline for amending in this Court's Order.  *See* ECF No. 45.  Having been advised of that deadline, the parties entered into a Joint Stipulation and presented it to this Court for approval.  Therein, Plaintiffs indicated a clear, unequivocal intent to not file a second amended complaint.  *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 705 (3d Cir. 1996) (the Third Circuit has "held that a plaintiff can convert a dismissal with leave to amend into a final order by electing to stand upon the original complaint." (quoting *Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 278 (3d Cir. 1992))).  As the Third Circuit explained, "when plaintiffs elected to stand on the second amended complaint rather than replead the remaining claims in compliance with Rule 8, the remaining claims were dismissed with prejudice . . . ."  *See id.*

Accordingly, Counts IV, VI, VII, and IX were effectively dismissed with prejudice when this Court approved the Joint Stipulation in which Plaintiffs indicated their unequivocal intent to not amend.  Accordingly, this Court did not believe it necessary to docket a separate Order indicating dismissal with prejudice.  Notwithstanding, to prevent any further confusion amongst the parties as to the status of Counts IV, VI, VII and IX, this Court now enters such an Order contemporaneously with this Opinion.

In light of this Order, Plaintiffs' pending motion for voluntary dismissal deals only with those claims that survived Whitt's motion to dismiss.  For reference, those surviving claims are Counts VIII, X, and V.  With this clarification provided, this Court directs Plaintiffs to advise

this Court of whether they wish to persist in their motion to dismiss or otherwise withdraw the motion.

## IV.     CONCLUSION

In light of the arguments presented by the parties on the pending motion to dismiss, this Court deemed it necessary to clarify the status of Counts IV, VI, VII, and IX.  Those Counts are dismissed with prejudice and have been since this Court approved the parties' Joint Stipulation on October 8, 2021.  Accordingly, Plaintiffs' motion for voluntary dismissal does not involve those dismissed counts, and instead, it only involves Counts VIII, X, and V.  Plaintiffs are directed to advise this Court, in compliance with the Order that accompanies this Opinion, whether they intend to pursue their motion to dismiss or otherwise withdraw the same.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge